**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6050**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

KHALIF ABDUL QAWI MUJAHID, a/k/a Keith Eugene Gaffney, a/k/a Fly, a/k/a
Slim,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at
Alexandria.  Leonie M. Brinkema, District Judge.  (1:95-cr-00053-LMB-1)

Submitted:  March 13, 2018                          Decided:  March 16, 2018

Before NIEMEYER, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Khalif Abdul Qawi Mujahid, Appellant Pro Se.  Thomas More Hollenhorst, Assistant
United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Khalif Abdul Qawi Mujahid appeals the district court's order construing his Fed. R. Civ. P. 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 (2012) motion and dismissing it for lack of jurisdiction. A certificate of appealability is not required to appeal the district court's jurisdictional categorization of a "Rule 60(b) motion as an unauthorized successive habeas petition." *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

Our review of the record reveals that the district court properly determined that Mujahid's motion was not a "true Rule 60(b) motion" but, instead, was the functional equivalent of a successive § 2255 motion, over which it lacked jursidiction. *See id.* at 397-400. Accordingly, we affirm the district court's judgment.

Additionally, we construe Mujahid's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Mujahid's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*